**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALL WEB LEADS, INC.,<br><br>Defendant. | CASE NO.:<br><br>JURY TRIAL DEMANDED<br><br>**[REDACTED VERSION FOR PUBLIC FILING. THE UNREDACTED VERSION IS SUBJECT TO IMPOUND.]** |

# COMPLAINT

Plaintiff Liberty Mutual Insurance Company ("LMIC") alleges the following against Defendant All Web Leads, Inc. ("AWL").

## PARTIES

1. Plaintiff Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

2. Defendant All Web Leads, Inc. is a Florida corporation, which maintains a principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

3. There is complete diversity, pursuant to 28 U.S.C. § 1332, because (1) LMIC is a citizen of Massachusetts; and (2) AWL is a citizen of Florida and Texas.

4. As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied because there is more than $75,000 at issue, exclusive of costs and interest.

5. Venue is appropriate in this District because LMIC principal place of business is located in this District and AWL's conduct and omissions primarily occurred in this District.

## GENERAL ALLEGATIONS

## LMIC'S CONTRACT WITH AWL

6. LMIC is a leading underwriter and provider of personal property and casualty insurance products and services.

7. AWL owns and provides marketing leads, including insurance marketing leads (the "Services").

8. On or around [redacted], LMIC and AWL entered into [redacted] (the "Agreement"). See Agreement, attached hereto as **Exhibit 1.**

9. [redacted].

10. [redacted]

11. [redacted]

[redacted].

12. LMIC has performed all its obligations under the Agreement.

**AWL Breached the Agreement – The Fralish Litigation**

13. Pursuant to the Agreement, AWL provided an insurance marketing lead to LMIC purportedly on behalf of [redacted] (the [redacted] Lead").

14. As required under the Agreement, AWL provided the [redacted] Lead under the [redacted].

15. LMIC accepted the [redacted] Lead from AWL based on [redacted].

16. On or around April 28, 2021, John Fralish filed a class action lawsuit against LMIC under the Telephone Consumer Protection Act ("TCPA") alleging, inter alia, that he did not consent to receive communications from LMIC.

17. On September 16, 2021, LMIC issued an indemnification demand (the "First Indemnification Demand") to AWL, asserting that AWL's provisioning of the [redacted] Lead [redacted].

18. On October 22, 2021, AWL responded to the First Indemnification Demand [redacted].

19. On April 28, 2022, John Fralish filed a second class action complaint under the TCPA against LMIC in the United States District Court for the Northern District of Indiana, Case

No. 22-cv-00336 (the "Fralish Litigation"). Again, John Fralish alleged that he received communications from or on behalf of LMIC without his consent.

20. On June 6, 2022, LMIC issued a second indemnification demand against AWL (the "Second Indemnification Demand"). [redacted].

21. On June 28, 2022, AWL responded to the Second Indemnification letter [redacted].

22. Based on information retrieved from Journaya, a marketing data intelligence company, the name associated with the phone number provided by AWL with the [redacted] Lead did not match [redacted] On information and belief, AWL failed to properly vet, isolate, or otherwise scrub the [redacted] Lead prior to providing it to LMIC.

23. On August 9, 2022, AWL sent a letter to LMIC [redacted].

24. To date, AWL has refused and continues to refuse to indemnify and hold LMIC harmless in connection with the Fralish Litigation.

25. As a result of the Fralish Litigation, LMIC has incurred litigation costs, attorneys' fees, and other damages to date in the amount of at least $1,285,799.87, exclusive of allowable and/or applicable interest and costs.

**AWL Breached the Agreement – The Ward Litigation**

26. Pursuant to the Agreement, AWL provided an insurance marketing lead to LMIC purportedly on behalf of Adam Ward (the "[redacted] Lead").

27. [redacted].

28. [redacted].

29. On or about March 1, 2024, Adam Ward filed a class action lawsuit against LMIC in the U.S, District Court of Massachusetts under the TCPA alleging, inter alia, that he did not consent to receive communications from LMIC (the "Ward Litigation").

30. On August 1, 2024, LMIC issued an indemnification demand (the "Ward Litigation Indemnification Demand") to AWL, [redacted].

31. On August 21, 2024, AWL responded to the Ward Litigation Indemnification Demand [redacted].

32. To date, AWL has refused and continues to refuse to indemnify and hold LMIC harmless in connection with the Ward Litigation.

33. As a result of the Ward Litigation, LMIC has expended litigation costs, attorneys' fees, and other damages in the amount of at least $73,460.26, exclusive of allowable and/or applicable interest and costs.

**COUNT I—BREACH OF CONTRACT**

34. LMIC incorporates by reference and realleges the allegations set forth in above

paragraphs as though fully set forth herein.

35. LMIC and AWL entered into the Agreement, which is a valid and binding express contract.

36. LMIC performed each and every one of its obligations and duties under the Agreement, including paying AWL for its services under the Agreement.

37. [redacted].

38. [redacted].

39. [redacted].

40. [redacted].

41. As a result of the Fralish and Ward Litigations, LMIC has incurred litigation costs, attorneys' fees, and other damages in the amount of at least $1,359,260.13, exclusive of allowable and/or applicable interest and costs.

WHEREFORE, LMIC seeks a judgment against AWL in an amount no less than $1,359,260.13, plus attorneys' fees, costs, expenses, prejudgment/postjudgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

**COUNT II—VIOLATIONS OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A, §§ 2, 11**

42. LMIC incorporates by reference and realleges the allegations set forth in above paragraphs as though fully set forth herein.

43. At all times relevant, LMIC was a "Person" within the meaning of M.G.L. Ch. 93A.

44. At all times relevant, AWL was a "Person" within the meaning of M.G.L. Ch. 93A.

45. At all times relevant, AWL and LMIC were engaged in "trade" and "commerce" within the meaning of M.G.L 93A with respect to the services AWL agreed to provide LMIC under the Agreement.

46. M.G.L. 93A, §2(a) declares it unlawful for any Person to engage in unfair or deceptive acts or practices in the conduct of any trade or commerce.

47. M.G.L. 93A, § 11 allows any person engaged in the conduct of trade or commerce and suffers any loss of money or property as a result of the unfair or deceptive practices of another person to bring an action for damages against such other person.

48. AWL engaged in unfair or deceptive practices against LMIC by:

a. [redacted]

b. [redacted]

c. Failing to defend and indemnify LMIC for the Fralish Litigation [redacted] and

d. Failing to defend and Indemnify LMIC for the Ward Litigation [redacted].

49. These actions by AWL were both willful and knowing within the meaning of M.G.L. 93A, § 11.

50. These actions by AWL occurred primarily and substantially within the Commonwealth of Massachusetts.

51. As a direct and proximate result of these actions by AWL, LMIC has incurred litigation costs, attorneys' fees, and other damages in the amount of at least $1,359,260.13, exclusive of allowable and/or applicable interest and costs and/or multiplied damages as a result of AWL's willful and knowing conduct.

WHEREFORE, LMIC seeks a judgment against AWL in an amount no less than $1,359,260.13, plus attorneys' fees, costs, expenses, prejudgment/postjudgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court, including multiplied damages as allowable under M.G.L. 93A, § 11 for AWL's willful and knowing conduct.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues triable.

Dated: September 12, 2025

LIBERTY MUTUAL INSURANCE COMPANY

By: *<u>/s/ Lisa Oliver White</u>*

Lisa Oliver White, BBO# 666841
Shook, Hardy & Bacon L.L.P.
One Federal Street, Suite 2620
Boston, MA 02110
Tel: (617) 531-1411
lowhite@shb.com

Jad Sheikali (*pro hac vice to be filed*)
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

*Attorneys for Liberty Mutual Insurance Company*